# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIR CANADA AND AEROPLAN INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LOCALHOST LLC,<br><br>Defendant. | Case No. 1:23-cv-01177-GBW<br><br>**JURY DEMAND REQUESTED** |

## DEFENDANT LOCALHOST, LLC's BRIEF IN SUPPORT OF ITS
## PARTIAL MOTION TO DISMISS

Dated: December 4, 2023

Steven Susser, Esq.
(*pro hac vice* forthcoming)
Michael S. Schwartz
(*pro hac vice* forthcoming)
CARLSON, GASKEY & OLDS, P.C.
400 West Maple Road, Suite 350
Birmingham, MI 48009
P: (248) 988-8360
ssusser@cgolaw.com
mschwartz@cgolaw.com

GELLERT SCALI BUSENKELL &
BROWN, LLC

By: */s/ Charles J. Brown, III*
Charles J. Brown, III (DE 3368)
201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: 302-425-5800
Email: cbrown@gsbblaw.com

*Attorneys for Defendant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii
I.   NATURE AND STAGE OF THE PROCEEDINGS ............................................. 1
II.  SUMMARY OF THE ARGUMENT .................................................................... 1
III. FACTS .................................................................................................................. 2
IV.  ARGUMENT ........................................................................................................ 3
   A. The Clause is Mandatory ................................................................................ 4
   B. No Extraordinary Circumstances are Present ................................................. 5
V.   CONCLUSION ..................................................................................................... 7

i

## TABLE OF AUTHORITIES

*AAP Implantate AG v. MI Global Grp. USA LLC*,
2017 U.S. Dist. LEXIS 116167, *9-10 (S.D. Flo. July 24, 2017) .................................................. 7

*Align Tech., Inc. v. 3Shape A/S*,
2021 U.S. Dist. LEXIS 74609, *16 (D. Del. April 19, 2021)......................................................... 7

*Atlantic Marine Constr. Co. v. United States Dist. Court*,
571 U.S. 49, 60 (2013)................................................................................................................ 3, 7

*Behrens v. Arconic, Inc.*,
2022 U.S. App. LEXIS 18816, *6 (3rd Cir. July 8, 2022) ............................................................ 3

*Collins v. Mary Kay, Inc.*,
874 F.3d 176, 186 (3rd Cir. 2017) ............................................................................................ 3, 5

*Dawes v. Publish Am. LLLP*,
563 F.App'x 117, 118 n. 3 (3d Cir. 2014) ............................................................................ 1, 4, 6

*IAC/InteractiveCorp v. Roston*,
44 F.4th 635, 644 (7th Cir. 2022) ................................................................................................. 4

*Just Indus. Servs. LLC v. Ceda Specialty Servs. LP*,
2019 U.S. Dist. LEXIS 234643, *9 (S.D. Tex. Feb. 8, 2019) ....................................................... 6

*Maridian Consulting I Corp., Inc., v. Erotec Can. Ltd.,* 2021 U.S. Dist. LEXIS 32515, *22
   (D.N.J. Feb. 22, 2021)............................................................................................................... 4

*Moss v. Tiberon Mineral Ltd.*,
2007 U.S. Dist. LEXIS 83975, *9 (N.D. Cal., Nov. 1, 2007)........................................................ 7

*My Size, Inc. v. Mizrahi*,
193 F. Supp. 3d 327, 332 (D. Del. 2016)...................................................................................... 6

*Natan's Trading, Ltd v. Energizer Holdings, Inc.*,
2020 U.S. Dist. LEXIS 164925, *7 (D. Utah Sept. 9, 2020)......................................................... 4

*Ninivaggi v. Univ. of Del.*,
555 F.Supp. 3d 44, 52 (D. Del. 2021) ............................................................................................ 5

*Phillips v. Audio Active Ltd.*,
494 F.3d 378, 386-87 (2d Cir. 2007) ............................................................................................ 4

*Wall St. Aubrey Golf, LLC v. Aubrey*,
189 Fed. App'x 82, 86 (3d Cir. 2006) ...................................................................................... 4, 5

*Wilmot v. Marriott Hurghada Mgmt., Inc.*,
712 F.App'x 200, 203 (3d Cir. 2007) ............................................................................................ 6

*Xin Ma v. Xiangqun Li*,
2022 U.S. Dist. LEXIS 72328, *5 (D.N.J. April 20, 2022) ............................................................ 5

## I. NATURE AND STAGE OF THE PROCEEDINGS

This is a case about a mistaken forum. Plaintiffs Air Canada and Aeroplan Inc. ("Air Canada") filed their Complaint against Defendant Localhost, LLC ("Localhost") on October 19, 2023. The Complaint includes claims for breach of contract, violation of the Computer Fraud and Abuse Act, various claims under the Lanham Act, and trespass to chattels.

On October 23, 2023 counsel for Localhost accepted service and on November 18, 2023 counsel for Air Canada granted Localhost an extension to December 4, 2023 to file its response. Localhost's response, filed today, is both an Answer and this motion.

The breach of contract count belongs in Canada. Air Canada's own terms and conditions – the ones that Air Canada relies on for its breach of contract claim against Localhost - requires that all disputes be brought in Canada. So, this motion seeks dismissal of Air Canada's breach of contract claims under the doctrine of *forum non conveniens*.

## II. SUMMARY OF THE ARGUMENT

The Terms of Use ("Terms") advanced by Air Canada include a mandatory forum selection clause that Air Canada has disregarded by bringing its contract claim in this District. [Ex. A]. The Terms state "[a]ny dispute is to be submitted to the non-exclusive jurisdiction of the courts in the judicial district of Calgary, Province of Alberta" [Ex. A at p. 5]. Air Canada's breach of contract claim should be dismissed for at least two reasons. First, because the language "is to be" in the forum selection clause is mandatory language. As the forum selection clause is mandatory, it is "entitled to a presumption of enforceability" and should be enforced absent "extraordinary circumstances." *Dawes v. Publish Am. LLLP,* 563 F.App'x 117, 118 n. 3 (3d Cir. 2014). Second, there are no "extraordinary circumstances" here. The judicial district of Calgary is an adequate

1

alternative forum and consideration of "public interest" factors favors that forum. Air Canada has simply ignored the mandate of its own Terms.

### III.     FACTS

Localhost operates a website called Seats.aero, which helps consumers purchase air travel through the application of credit card points. Consumers can typically transfer credit card points from the card issuer to the reward system of a specific airline and then purchase flights with those points. Frequently, flights cost fewer points through the airlines' own point system than through the credit card issuer's system. Localhost gathers publicly available point pricing data from airline websites so that users can explore point options in one convenient hub. Customers can use Seats.aero without charge to search for flights within a two month window or pay a small subscription fee to search all routes.

Air Canada has asserted a breach of contract claim based on the Terms. Air Canada's theory is that the Terms represent a binding contract. Localhost, says Air Canada, entered into this contract by accessing Air Canada's website. This theory is incorrect and Localhost expressly denies that this browse wrap agreement represents a binding contract between the parties. But, this does not change the fact that Air Canada is relying on its own Terms for its breach of contract action against Localhost and the Terms mandate that Canadian law and forum apply to that breach of contract claim.

The Terms' "Governing Law" section says that the Terms are governed by Canadian law and that they shall be treated as an Alberta, Canada contract. They go on to say that any dispute is to be submitted to the Alberta courts:

> **For non-Quebéc residents -** These Terms of Use shall be governed by, construed and/or interpreted in accordance with the laws of the Province of Alberta and the laws of Canada applicable therein and shall be treated in all respects as an Alberta contract, without regard to principles of conflicts of law that would impose a low of another jurisdiction. Any dispute is to be submitted to the non-exclusive jurisdiction of the courts in the judicial district of Calgary, Province of Alberta.

[Ex. A at p. 5]. So, even accepting Air Canada's theory that a contract has been formed, under the clear language of the Terms, Air Canada has brought its contract claims in the incorrect forum.

IV.  **ARGUMENT**

Courts generally will give effect to contractual forum selection clauses under the *forum non conveniens* doctrine. *Atlantic Marine Constr. Co. v. United States Dist. Court,* 571 U.S. 49, 60 (2013) ("the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."). The *forum non conveniens* doctrine permits a district court to dismiss an action on the ground that a foreign court is more appropriate and convenient forum for deciding the dispute. *Behrens v. Arconic, Inc.,* 2022 U.S. App. LEXIS 18816, *6 (3rd Cir. July 8, 2022).

In this Circuit, four factors guide a district court's application of the doctrine:

> (1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum where defendants are amenable to process and plaintiffs' claims are cognizable; (3) relevant "private interest" factors affecting the convenience of the litigants; and (4) relevant "public interest" factors affecting the convenience of the forum.

*Collins v. Mary Kay, Inc.*, 874 F.3d 176, 186 (3rd Cir. 2017). Importantly, the Third Circuit has held that in matters governed by a forum selection clause, the first factor (plaintiffs' choice of forum) merits no weight, and the second factor (private interests) weighs entirely in favor of the preselected forum. *Id.* (citing *Atlantic Marine*, 571 U.S. at 64). So, when a mandatory forum

3

selection clause is present, only the second and fourth factors remain for consideration. *Id.* And the Third Circuit has admonished that these remaining factors will only overcome a forum selection clause in the most "unusual" and "extraordinary" circumstances. *Id.*

### A. The Clause is Mandatory

When a forum selection clause includes mandatory language, it is "entitled to a presumption of enforceability" and should be enforced absent "extraordinary circumstances." *Dawes,* 563 F.App'x at 118 n. 3; *see also Maridian Consulting I Corp., Inc., v. Erotec Can. Ltd.,* 2021 U.S. Dist. LEXIS 32515, *22 (D.N.J. Feb. 22, 2021)(explaining that a valid, mandatory forum selection clause "is generally given controlling weight"). Here, Air Canada's Terms mandate that "any dispute *is to be* submitted to the non-exclusive jurisdiction of the courts of the judicial district of Calgary, Province of Alberta" (emphasis added). "The language 'is to be' is most naturally understood as mandatory." *Natan's Trading, Ltd v. Energizer Holdings, Inc.,* 2020 U.S. Dist. LEXIS 164925, *7 (D. Utah Sept. 9, 2020); *see also Wall St. Aubrey Golf, LLC v. Aubrey*, 189 Fed. App'x 82, 86 (3d Cir. 2006) (holding forum selection clause mandatory based on use of the word "shall."); *Phillips v. Audio Active Ltd.,* 494 F.3d 378, 386-87 (2d Cir. 2007)(holding that clause stating where proceedings "are to be brought" was mandatory, and recognizing difference from a clause stating only where disputes "may be brought.").

The inclusion of the phrase "non-exclusive jurisdiction" does not detract from the mandatory nature of the clause. The Seventh Circuit addressed similar language in *IAC/InteractiveCorp v. Roston*, 44 F.4th 635, 644 (7th Cir. 2022). In *IAC* the forum selection clause included mandatory language instructing that any dispute "will be heard" at selected California courts. *IAC*, 44 F.4th at 643. The agreement also included a clause reading: "each party hereto submits itself and its property to the non-exclusive jurisdiction of the forgoing courts…"

4

*Id*. Nevertheless, the Court found that the agreement set forth a mandatory clause. The Court reasoned that the two clauses did not conflict and had separate requirements. *Id*. at 644. Together, the mandatory forum clause and the "non-exclusive jurisdiction" clause meant that "many courts [] may have proper personal jurisdiction over the parties, but only a few of those [] are the proper venue for disputes." *Id*. at 644 (internal parenthetical omitted). The Court concluded that "[i]f a contract has both mandatory venue and forum language and permissive jurisdiction language, the separate permissive consent to jurisdiction clause does not defeat the mandatory forum selection clause." *Id*. *See also Wall St. Aubrey Golf*, 189 Fed. App'x at 85-86 (reasoning that a forum selection clause does not have to contain language such as "exclusive" or "sole" to be mandatory).

Just as in *IAC*, the "non-exclusive jurisdiction" language in the Terms does not conflict with the mandatory "is to be submitted" venue language. The language "is to be submitted" mandates venue in the judicial district of Calgary, whereas the "non-exclusive jurisdiction" language simply means that other courts may have jurisdiction.

Further, to the extent that the "non-exclusive jurisdiction" language introduces any ambiguity into the clause, that ambiguity should be construed against Air Canada as the drafter of the Terms. "Where it is unclear whether a forum-selection clause is mandatory or permissive, contract ambiguities should be construed against the drafter." *Xin Ma v. Xiangqun Li*, 2022 U.S. Dist. LEXIS 72328, *5 (D.N.J. April 20, 2022); *see also Ninivaggi v. Univ. of Del.*, 555 F.Supp. 3d 44, 52 (D. Del. 2021) ("We construe contractual ambiguities against the drafter.").

### B. No Extraordinary Circumstances are Present

As the Terms include a mandatory forum selection clause, the clause should be enforced unless consideration of the second and fourth *forum non conveniens* factors indicate that "extraordinary circumstances" are present. *Collins*, 874 F.3d at 186; *Dawes,* 563 F.App'x at 118

5

n. 3. Here, there are no extraordinary circumstances that would preclude giving effect to Air Canada's chosen forum.

Regarding the second factor (adequate alternative forum), an alternative forum is adequate "if all defendants are amenable to process there" and "if the plaintiff's claim is cognizable in the forum's courts." *Wilmot v. Marriott Hurghada Mgmt., Inc.,* 712 F.App'x 200, 203 (3d Cir. 2007). Here, the judicial district of Calgary is an adequate alternative forum. Defendant Localhost has no reason to believe that it is not amenable to process in Calgary; indeed, if this Motion is granted, Localhost will not contest jurisdiction in Calgary with respect to Air Canada's breach of contract claim. And it stands to reason that Air Canada's breach of contract claims are cognizable in the forum that Air Canada itself has selected to hear those breach of contact claims. *See also Just Indus. Servs. LLC v. Ceda Specialty Servs. LP*, 2019 U.S. Dist. LEXIS 234643, *9 (S.D. Tex. Feb. 8, 2019) (finding Alberta, Canada to be an adequate alternative forum for contract claims).

The fourth factor is consideration of relevant "public interest" factors. The public interest factors favors dismissal, and certainly do not set forth "extraordinary circumstances" necessary to avoid enforcement of the forum selection clause. The public interest factors include: (1) consideration of court congestion, (2) local interest in having local disputes decided at home, (3) the interest in having the forum match the governing law, and (4) the avoidance of unnecessary problems involving conflicts of law, or the application of foreign law. *My Size, Inc. v. Mizrahi*, 193 F. Supp. 3d 327, 332 (D. Del. 2016).

Here, a Canadian entity is bringing a breach of contract claim based on an alleged contract governed by Canadian law and which designates a Canadian forum for resolution of disputes. Public interest favors resolution of such a dispute in Canada. Indeed, the fact that Air Canada's own contract provides for a Canadian court to apply Canadian law in Canada makes Air Canada

hard pressed to argue that its own choice of a Canadian forum is not in the public interest. That begs the question of Air Canada: If not in the public's best interest, why did you choose only Canada? *See Moss v. Tiberon Mineral Ltd.*, 2007 U.S. Dist. LEXIS 83975, *9 (N.D. Cal., Nov. 1, 2007)("Canadian courts have an interest in resolving Canadian-law claims"). Dismissal would also avoid any complications with this Court's applying foreign law.

That dismissal of Air Canada's contract claim could potentially result in bifurcated litigation should not be afforded significant weight in view of the fact that it was Air Canada that decided to file its complaint in this District, against its own Terms. Air Canada "can hardly be heard to complain about having to litigate a separate case in a forum that it agreed to." *Align Tech., Inc. v. 3Shape A/S*, 2021 U.S. Dist. LEXIS 74609, *16 (D. Del. April 19, 2021) (dismissing counterclaims on grounds of *forum non conveniens* while Plaintiff's claims remained).

V.  **CONCLUSION**

The Supreme Court has stated "that public interest factors will rarely defeat a transfer motion" and thus "the practical result is that forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 571 U.S. at 51. That "unusual" or "extraordinary" case is not present here, where Air Canada has simply disregarded the mandate of its own Terms. *See AAP Implantate AG v. MI Global Grp. USA LLC*, 2017 U.S. Dist. LEXIS 116167, *9-10 (S.D. Flo. July 24, 2017)("Plaintiff cannot cite the Agreement as the basis for the contractual relationship between Plaintiff and Defendant in its Complaint, and then rebuke the forum-selection provision simply because it does not wish to litigate in Germany."). The Air Canada's breach of contract claim should be dismissed with prejudice.

7

Dated: December 4, 2023                      Respectfully Submitted,

                                              GELLERT SCALI BUSENKELL & BROWN, LLC

By: */s/ Charles J. Brown, III*
Charles J. Brown, III (DE 3368)
201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: 302-425-5800
Email: cbrown@gsbblaw.com

Steven Susser, Esq.
(*pro hac vice* forthcoming)
Michael S. Schwartz
(*pro hac vice* forthcoming)
CARLSON, GASKEY & OLDS, P.C.
400 West Maple Road, Suite 350
Birmingham, MI 48009
P: (248) 988-8360
F: (248) 988-8363
ssusser@cgolaw.com
mschwartz@cgolaw.com

*Attorneys for Defendant*