# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIR CANADA AND AEROPLAN INC., | |
| Plaintiffs, | C.A. No. 23-1177-GBW |
| v. | |
| LOCALHOST LLC, | |
| Defendant. | |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO**
**DEFENDANT'S PARTIAL MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. THE TERMS OF USE.................................................................................................... 1

III. ARGUMENT ................................................................................................................... 2

    A. Delaware Courts Give Effect to All Terms in a Contract...................................... 2

    B. The Air Canada Group May Sue To Enforce the Terms of Use in Any Court of Competent Jurisdiction............................................................................. 3

    C. Even If the Governing Law Section Applied to the Air Canada Group, It Is Permissive, Not Mandatory ................................................................................... 4

    D. Localhost Has Failed To Meet Its Burden for Dismissal....................................... 7

IV. CONCLUSION................................................................................................................ 8

ME1 47330026v.1

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Lightfoot v. Cendant Mortg. Corp.*,
  580 U.S. 82 (2017) ................................................................................................................. 3

*Sonitrol Holding Co. v. Marceau Investissements*,
  607 A.2d 1177 (Del. 1992) ................................................................................................. 3, 6

*Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*,
  261 A.3d 1199 (Del. 2021) .............................................................................................2, 3, 4

*Saint Honore v. M/V MSC MARIA ELENA*,
  No. CV 21-11254 (EP) (JSA), 2022 WL 16949048 (D.N.J. Nov. 15, 2022) ....................4, 5, 7

*Becton, Dickinson & Co. v. Medline Indus., Inc.*,
  No. CV 21-12929, 2022 WL 2383722 (D.N.J. Apr. 28, 2022) ............................................... 4

*Kim v. M&T Bank*,
  No. CV 17-11810-ESMAH, 2018 WL 4094839 (D.N.J. Aug. 28, 2018) ............................... 4

*Networld Commc'ns, Corp. v. Croatia Airlines, D.D.*,
  No. CV 13-4770 SDW, 2014 WL 4724625 (D.N.J. Sept. 23, 2014) ................................5, 6, 7

*Natan's Trading, Ltd. v. Energizer Holdings, Inc.*,
  No. CV 19-00587, 2020 WL 5413230 (D. Utah Sept. 9, 2020) ............................................. 6

*Wall St. Aubrey Golf, LLC v. Aubrey*
  189 F. App'x 82 (3d Cir. 2006) .............................................................................................. 7

*Phillips v. Audio Active Ltd.*,
  494 F.3d 378 (2d Cir. 2007) .................................................................................................. 7

*IAC/InteractiveCorp v. Roston*,
  44 F.4th 635, 644 (7th Cir. 2022) .......................................................................................... 6

*R. v. Hynes*,
  [2001] 3 S.C.R. 623 (Can.) .................................................................................................... 3

*Romspen Mortgage Ltd. P'ship v. 3443 Zen Garden Ltd. P'ship*,
  2023 CanLII 730, ¶ 77 (Can. ABKB [Court of King's Bench of Alberta]) ............................ 3

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

**Cases**

*Hoffman v. Goberman,*
   420 F.2d 423, 427 (3d Cir. 1970) .......................................................................................... 8

*Piper Aircraft Co. v. Reyno,*
   454 U.S. 235, 260 (1981) ....................................................................................................... 8

ME1 47330026v.1

**I.      INTRODUCTION**

Localhost's motion myopically focuses on one part of one provision of the Air Canada Group's online Terms of Use to claim that the Air Canada Group has brought suit in the wrong forum. In so doing, Localhost ignores a more relevant provision that explicitly permits the Air Canada Group to "commence an action *in any court* of competent jurisdiction in order to enforce these Terms of Use and to seek damages and/or equitable relief . . . for any breaches . . . of these Terms of Use." (D.I. 1-2, 7-8) (emphasis added). This provision unambiguously permits the Air Canada Group to sue in this Court. For that reason alone, Localhost's motion should be denied.

But even were the Court to find the provision relied on by Localhost to be relevant, venue in this Court is still proper. The language that Localhost relies on is permissive, not mandatory, as it provides that venue in Calgary courts is "non-exclusive" for non-Québec residents like Localhost. This is evident from the companion clause in that same section providing that venue is "exclusive" for Québec residents.

At bottom, the Air Canada Group's Terms of Use permit the Air Canada Group to sue in this Court, which is well poised to hear a case against a Delaware-formed limited liability company for activities that occurred in the United States. Localhost's motion should thus be denied.

**II.     THE TERMS OF USE**

The Air Canada Group brought this suit, in part, to obtain injunctive relief and damages for Localhost's breach of the Air Canada Group's online Terms of Use, which Localhost violated by scraping data from the Air Canada Group's website and mobile application.

The Terms of Use contains two sections addressing its enforcement: (1) a "Governing Law" section (which Localhost partially addresses in its motion) and (2) an "Injunctive and Similar Relief" section (which Localhost ignores). The "Governing Law" section establishes where a user

1

of the Air Canada Group's website may sue the Air Canada Group, depending on the party's residence:

> **For Québec residents**—These Terms of Use shall be governed by, construed and/or interpreted in accordance with the laws of the Province of Quebec and the laws of Canada applicable therein and shall be treated in all respects as a Quebec contract, without regard to principles of conflicts of law that would impose a law of another jurisdiction. Any dispute is to be submitted to the exclusive jurisdiction of the courts in the judicial district of Montreal, Province of Québec.
>
> **For non-Québec residents**—These Terms of Use shall be governed by, construed and/or interpreted in accordance with the laws of the Province of Alberta and the laws of Canada applicable therein and shall be treated in all respects as an Alberta contract, without regard to principles of conflicts of law that would impose a law of another jurisdiction. Any dispute is to be submitted to the non-exclusive jurisdiction of the courts in the judicial district of Calgary, Province of Alberta.

(D.I. 1-2, 7.)

In contrast, the "Injunctive and Similar Relief" section establishes where the Air Canada Group may sue the user:

> You agree that Air Canada may commence an action in any court of competent jurisdiction in order to enforce these Terms of Use and to seek damages and/or equitable relief against you for any breaches by you of these Terms of Use.

(D.I. 1-2, 7-8.)

## III.   ARGUMENT

### A.   Delaware Courts Give Effect to All Terms in a Contract

Delaware courts read a contract "as a whole and enforce the plain meaning of clear and unambiguous language." *Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 261 A.3d 1199, 1208 (Del. 2021). Further, they will interpret a contract "to give each provision and term effect and not render any terms meaningless or illusory." *Id.* (cleaned up). These principles are particularly relevant here because Localhost's motion rests on an interpretation of one clause that would render other parts of the agreement (including language in a companion clause of the same section) meaningless.

2

### B. The Air Canada Group May Sue To Enforce the Terms of Use in Any Court of Competent Jurisdiction

The "Injunctive and Similar Relief" section of the Terms of Use makes clear that if the Air Canada Group seeks "to enforce these Terms of Use . . . against you," as it does here against Localhost, it can do so "in any court of competent jurisdiction" (D.I. 1-2, 7-8),[1] i.e., any court that has personal jurisdiction over the parties and subject-matter jurisdiction over the dispute. *See Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91 (2017) ("[A] court of competent jurisdiction is a court with a grant of subject-matter jurisdiction covering the case before it.").[2] Here, this Court has uncontested personal and subject matter jurisdiction and is, therefore, a "court of competent jurisdiction." This unambiguous language alone warrants denial of Localhost's motion.

Ignoring this section, Localhost focuses exclusively on a single provision in the "Governing Law" section, which describes where a user may sue the Air Canada Group. For users that are not Québec residents, like Localhost, this section provides that "[a]ny dispute is to be submitted to the non-exclusive jurisdiction of the courts in the judicial district of Calgary." (D.I. 1-2, 7.) Localhost asks this Court to interpret this clause as requiring the Air Canada Group to sue Localhost in Calgary. But such an interpretation would render the "Injunctive and Similar Relief" section meaningless, violating the basic principle of contract interpretation that "a contract should be interpreted in such a way as to not render any of its provisions illusory or meaningless." *Sonitrol Holding Co. v. Marceau Investissements*, 607 A.2d 1177, 1183 (Del. 1992); *see Manti Holdings*,

---

[1] Chronologically, "Governing Law" appears before "Injunctive Relief." The shift in tone in the "Injunctive and Similar Relief" provision to "against you" illustrates that it applies to what *the Air Canada Group* may do versus claims brought against the Air Canada Group.

[2] The same applies in Canada. *See, e.g.*, Ex. A, *Romspen Mortgage Ltd. P'ship v. 3443 Zen Garden Ltd. P'ship*, 2023 CanLII 730, ¶ 77 (Can. ABKB [Court of King's Bench of Alberta]) ("A court of competent jurisdiction has jurisdiction over the parties, the subject matter of the dispute, and the remedies sought[.]"); Ex. B, *R. v. Hynes*, [2001] 3 S.C.R. 623, 624 (Can.) ("A 'court of competent jurisdiction'; is one that possesses jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction to grant the remedy.").

3

261 A.3d at 1208. Delaware courts must interpret contracts to "give each provision and term effect." *Manti Holdings*, 261 A.3d at 1208. The only way to give both sections effect is to recognize that the language in the Governing Law section addresses enforcement of the Terms of Use by a user and not enforcement by the Air Canada Group. Moreover, the fact that the Governing Law provision states that the courts in Calgary have "non-exclusive jurisdiction" further supports this interpretation. Specifically, it recognizes that the jurisdiction of the Calgary courts is non-exclusive precisely because the Air Canada Group can bring claims outside of Calgary against users who are not Québec residents.

### C. Even If the Governing Law Section Applied to the Air Canada Group, It Is Permissive, Not Mandatory

Even if the "Governing Law" section applied to enforcement of the Terms of Use by the Air Canada Group (which it does not), that section still would allow the Air Canada Group to enforce the Terms of Use in this Court because the language used is *permissive,* not mandatory. Specifically, it provides only that disputes *may* (not must) be brought in Calgary courts.

The clause is permissive because it explicitly states that the Calgary courts have "non-exclusive jurisdiction" over any disputes While a mandatory clause generally "contain[s] terms such as 'exclusive,' 'sole,' or 'only,'" the term "non-exclusive" indicates a permissive clause. *Saint Honore v. M/V MSC MARIA ELENA*, No. CV 21-11254 (EP) (JSA), 2022 WL 16949048, at *5-6 (D.N.J. Nov. 15, 2022) ("The significance of the "non-exclusive jurisdiction and venue" language cannot be ignored. This phrase is determinative[.]"); *Becton, Dickinson & Co. v. Medline Indus., Inc.*, No. CV 21-12929, 2022 WL 2383722, at *4 (D.N.J. Apr. 28, 2022) (finding a clause permissive where it "provides that New Jersey is a 'non-exclusive' forum and fails to include 'some further language indicating the parties' intent to make the jurisdiction exclusive'"); *Kim v.*

4

*M&T Bank*, No. CV 17-11810-ESMAH, 2018 WL 4094839, at *6 (D.N.J. Aug. 28, 2018) (finding "nonexclusive jurisdiction" was "non-mandatory, permissive language").

Even when a clause contains arguably mandatory language, which Localhost claims is the case here because of the phrase "any dispute is to be submitted," the presence of the term "non-exclusive" makes that clause permissive in the Third Circuit. Indeed, in *Networld Communications, Corp. v. Croatia Airlines, D.D.*, the forum selection clause provided, "All disputes . . . **shall be** submitted to the court of competent jurisdiction in Zagreb, Republic of Croatia, which jurisdiction shall be **nonexclusive**." No. CV 13-4770 SDW, 2014 WL 4724625, at *3 (D.N.J. Sept. 23, 2014) (emphasis added). The court found that "[i]f the forum selection clause ended after the word 'Croatia,' the clause might be construed as mandatory." *Id.* This makes sense, because the word "shall" "is hallmark language of a mandatory forum selection provision." *Saint Honore*, 2022 WL 16949048, at *6. But the court held that the phrase "which jurisdiction shall be non-exclusive" rendered the clause permissive, despite the presence of the phrase "shall be." *Networld*, 2014 WL 4724625, at *3. Therefore, even with the language "is to be," the use of the phrase "nonexclusive jurisdiction" in that same clause renders it permissive.

The permissiveness of the second clause becomes even clearer when it is read, as it must be, in context with the corresponding first clause of the "Governing Law" section:

> **For Québec residents**— . . . Any dispute is to be submitted to the **exclusive** jurisdiction of the courts in the judicial district of Montreal, Province of Québec.
>
> **For non-Québec residents**— . . . Any dispute is to be submitted to the **non-exclusive** jurisdiction of the courts in the judicial district of Calgary, Province of Alberta.

(D.I. 1-2, 7 (emphasis added).) By these clear words, forum selection is mandatory (with "**exclusive** jurisdiction") for disputes involving Québec residents and permissive (with "**non-exclusive** jurisdiction") for disputes involving non-Québec residents. By ignoring the first clause

5

entirely, Localhost's interpretation improperly renders the terms "exclusive" and "non-exclusive" meaningless. *Sonitrol Holding Co.*, 607 A.2d at 1183 ("[A] contract should be interpreted in such a way as to not render any of its provisions illusory or meaningless.").

Localhost relies on *IAC/InteractiveCorp v. Roston*, 44 F.4th 635, 644 (7th Cir. 2022) to suggest that the Court ignore the effect of the term "non-exclusive." But Localhost's reliance on this out-of-circuit case is misplaced. There, the mandatory language ("will be heard") and the permissive language ("non-exclusive") appeared in "separate" clauses that each had "its own requirements independent of the other clauses"—unlike *Networld* and this case where the mandatory and permissive language both appear together in the forum selection clause. *Id.*; *Networld*, 2014 WL 4724625, at *3. Specifically, in *IAC* the forum selection clause required that disputes "**will be heard** before an appropriate federal court located in the State of California in Alameda County, or, if not maintainable therein, then in an appropriate California state court located in Alameda County[.]" *IAC/InteractiveCorp*, 44 F.4th at 644 (emphasis added). The separate consent-to-jurisdiction clause, by contrast, provided that "each party hereto submits itself and its property to the **non-exclusive** jurisdiction of the foregoing courts with respect to such disputes." *Id.* (emphasis added). Again, this is not the case here, where the forum selection clause contains both the phrase "is to be" (which Localhost argues is mandatory) and "nonexclusive" (the language establishing the forum selection clause is permissive)—as was the case in *Networld*.

The other cases Localhost cites are inapposite because the forum selection clauses at issue in those cases did not contain permissive language, especially not "non-exclusive jurisdiction":

| Case | Language at Issue |
|---|---|
| *Natan's Trading, Ltd. v. Energizer Holdings, Inc.*, No. CV 19-00587, 2020 WL 5413230 (D. Utah Sept. 9, 2020) | "This agreement is presented to the Agent subject to final acceptance at the office of the Manufacturer in Draper, Utah (Salt Lake and Utah Counties), where the Agreement is made and is to be enforced. This agreement is to be |

6

| | governed by Utah law, and the Agent consents to the jurisdiction of the Utah courts for all purposes." *Id.* at *1. |
|---|---|
| *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82 (3d Cir. 2006) | "29. CONSTRUCTION/RECORDING: This Lease shall be construed in accordance with the laws of the Commonwealth of Pennsylvania, with venue laid in Butler County, Pennsylvania. This Lease shall not be recorded." *Id.* at 84. |
| *Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007) | "The validity[,] construction[,] and effect of this agreement and any or all modifications hereof shall be governed by English Law and any legal proceedings that may arise out of it are to be brought in England." *Id.* at 382. |

As noted, "significance of the 'non-exclusive jurisdiction and venue' language cannot be ignored. This phrase is determinative[.]" *Saint Honore*, 2022 WL 16949048, at *6.

For these reasons, the "Governing Law" provision must be read as permissive for disputes involving non-Québec residents.

### D. Localhost Has Failed To Meet Its Burden for Dismissal

Because the Terms of Use do not have a mandatory forum selection clause for disputes involving non-Québec residents, Localhost bears the burden of showing "that public and private interest factors weigh[] heavily for dismissal." *Networld*, 2014 WL 4724625, at *2; *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 66 n.8 (2013) (noting that in the absence of a forum selection clause mandating a forum, a party "invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum" (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422, 430 (2007)). It has failed to do so.

Far from meeting its heavy burden of showing that the that public- and private-interest factors weigh heavily for dismissal, Localhost identifies two factors that allegedly support dismissal: the agreement "designates a Canadian forum" and is "governed by Canadian law." (D.I. 8, 10-11.) The former is incorrect, and the latter is insufficient to support dismissal. As explained

7

above, the Terms of Use *do not* "designate[] a Canadian forum," as they allow the Air Canada Group to bring suit to enforce the Terms of Use "in any court of competent jurisdiction." (D.I. 1-2, 7-8.) As to the Terms of Use being "governed by Canadian Law" and Localhost's suggestion that "[d]ismissal would also avoid any complications with this Court's applying foreign law," this is insufficient to support dismissal. For one, the law for online "browsewrap" agreements is the same in both Delaware and Alberta, Canada, so there would be no complications with this Court applying foreign law. (*See* D.I. 19, ¶¶ 75–83.) Irrespective, the U.S. Supreme Court and the Court of Appeals for the Third Circuit have univocally held that the need to apply foreign law cannot, on its own, support dismissal on *forum non conveniens* grounds. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 n. 29 (1981); *Hoffman v. Goberman*, 420 F.2d 423, 427 (3d Cir.1970).

## IV.     CONCLUSION

The "Injunctive and Similar Relief" section of the Air Canada Group's Terms of Use (which governs cases that the Air Canada Group brings against others) permits venue in this Court. And even were one to consider the "Governing Law" provision (which governs cases that others bring against the Air Canada Group), the relevant subclause is permissive and also permits venue in this Court. For these reasons, the Air Canada Group respectfully requests that this Court deny Localhost's motion to dismiss the Air Canada Group's breach-of-contract claims.

| | |
|---|---|
| Dated: January 8, 2024 | MCCARTER & ENGLISH, LLP |
| *Of counsel:* | /s/ *Alexandra M. Joyce* |
| | Daniel M. Silver (#4758) |
| Douglas A. Rettew | Alexandra M. Joyce (#6423) |
| Jonathan J. Fagan | 405 N. King St., 8th Floor |
| FINNEGAN, HENDERSON, FARABOW, | Wilmington, DE 19801 |
| GARRETT & DUNNER, LLP | (302) 984-6300 |
| 901 New York Avenue NW | dsilver@mccarter.com |
| Washington, DC 20001-4413 | ajoyce@mccarter.com |
| (202) 408-4000 (phone) | |
| (202) 408-4400 (fax) | *Attorneys for Plaintiffs* |
| Doug.Rettew@finnegan.com | *Air Canada and Aeroplan Inc.* |
| Jonathan.Fagan@finnegan.com | |