# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIR CANADA AND AEROPLAN INC., | |
| Plaintiffs, | Case No. 1:23-cv-01177-GBW |
| v. | |
| LOCALHOST LLC, | **JURY DEMAND REQUESTED** |
| Defendant. | |

**DEFENDANT LOCALHOST LLC'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Dated: January 29, 2024

Charles J. Brown, III (DE 3368)
Gellert Scali Busenkell & Brown, LLC
201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: 302-425-5800
Email: cbrown@gsbblaw.com

Steven Susser, Esq.
(admitted pro hac vice)
Michael S. Schwartz
(admitted pro hac vice)
CARLSON, GASKEY & OLDS, P.C.
400 West Maple Road, Suite 350
Birmingham, MI 48009
P: (248) 988-8360
F: (248) 988-8363
Email: ssusser@cgolaw.com
Email: mschwartz@cgolaw.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Mandatory Forum Selection Clause................................................................... 2

    B. The Forum Selection Clause Applies to Air Canada ......................................... 4

    C. Traditional *Forum Non Conveniens* Favors Dismissal....................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Advanced Techs. & Installation Corp. v. Nokia Siemens Networks US, LLC*,
2010 U.S. Dist. LEXIS 91370, *17-18 (D.N.J. Sept. 2, 2010) ................................................... 6

*Caribbean Gardens Condo. Ass'n v. Markel Ins. Co.*,
2016 U.S. Dist. LEXIS 201021, *4 (S.D. Fla. May 11, 2016) ................................................... 5

*Century 21 Real Estate corp. v. Lendingtree, Inc.*,
425 F.3d 211, 232 (3d Cir. 2005) ............................................................................................... 8

*Collins v. Mary Kay, Inc.*,
874 F.3d 176, 186 (3rd Cir. 2017) ............................................................................................. 5

*Delta Air Lines, Inc. v. Chimet, S.P.A.*,
619 F.3d 288, 296 (3d Cir. 2010) ............................................................................................... 6

*Fenley v. Tulsa Inspection Res., LLC*,
2015 U.S. Dist. LEXIS 57331, *8 (D. Kan. May 1, 2015) ......................................................... 2

*hiQ Labs, Inc. v. LinkedIn Corp.*,
31 F.4th 1180, 1201 (9th Cir. 2022) .......................................................................................... 8

*Howe v. Goldcorp Invest., Ltd.*,
946 F.2d 944, 951 (1st Cir. 1991) .............................................................................................. 7

*IAC/InteractiveCorp. v. Roston*,
44 F.4th 635 (7th Cir. 2022) ...................................................................................................... 3

*In re Fisher*,
433 S.W.3d 523, 533 (Tex. 2014) ......................................................................................... 2, 4

*Kisano Trade & Invest Ltd. v. Lemster*,
737 F.3d 869, 873 (3d Cir. 2013) ............................................................................................... 6

*Ma v. Xiangqun Li*,
2022 U.S. Dist. LEXIS 72328, *5 (D.N.J. April 20, 2022) ........................................................ 5

*Moss v. Tiberon Mineral Ltd.*,
   2007 U.S. Dist. LEXIS 83975, *9 (N.D. Cal., Nov. 1, 2007)...................................................... 8

*Muzumdar v. Wellness Int'l Network, Ltd.*,
   438 F.3d 759, 762 (7th Cir. 2006) ................................................................................................ 2

*Natan's Trading, Ltd v. Energizer Holdings, Inc.*,
   2020 U.S. Dist. LEXIS 164925, *7 (D. Utah Sept. 9, 2020)....................................................... 2

*Sick Kids (Need) Involved People of N.Y., Inc. v. 1561599 Ont., Inc.*,
   2015 U.S. Dist. LEXIS 130600, *9 (S.D.N.Y Sept. 25, 2015)..................................................... 2

*Windt v. Qwest Communs. Int'l, Inc.*,
   529 F.3d 183, 190 (3d Cir. 2008).................................................................................................. 6

**Other Authorities**

Computer Fraud and Abuse Act ........................................................................................................ 8

Doctrine of *Forum Non Conveniens* ............................................................................................ 1, 5

I.     **INTRODUCTION**

Plaintiffs Air Canada and Aeroplan, Inc. ("Air Canada") have brought breach of contract claims against Defendant Localhost, LLC ("Localhost") based on browse wrap Terms of Use found on the Air Canada website (the "Terms"). Air Canada has recently asked this Court to specifically enforce the Terms to enjoin Localhost from performing the data gathering critical to its business (Dkt. 15). However, in bringing its contract claims in this District, Air Canada has ignored the section of its own Terms that requires the application of Canadian law and Calgary, Alberta as a venue (*see* Dkt. 8-1 at PageID#:80).

Despite the mandatory nature of this venue provision, Air Canada alleges that its contract claims are saved from dismissal under the doctrine of *forum non conveniens* by (1) the recitation of "non-exclusive jurisdiction," and (2) a different section of the Terms posted under the heading "Injunctive and Similar Relief" and only visible by clicking on that heading. When a website user clicks on "Injunctive and Similar Relief," the following phrase appears:

> You agree that Air Canada may commence an action in any court of competent jurisdiction in order to enforce these Terms of Use and to seek damages and/or equitable relief against you for any breaches by you of these Terms of Use.

(*Id*. at PageID#:80-81).

Air Canada argues that its Terms should be read to require that only Air Canada's customers must sue Air Canada in Alberta, but that Air Canada may sue website users in whatever forum Air Canada likes. Air Canada's position is incorrect. Neither the "non-exclusive jurisdiction" language nor the "Injunctive and Similar Relief" section detracts from the mandatory nature of the forum clause nor its applicability to Air Canada. This is particularly true as Air Canada is the drafter of the Terms and all ambiguity should be resolved against it.

Finally, even without considering the existence of the forum clause in the Terms, the *forum non conveniens* analysis favors dismissal of Air Canada's contract claims.

1

## II.     ARGUMENT

### A.     Mandatory Forum Selection Clause

The forum selection clause is mandatory. Air Canada does not dispute that the language "any dispute is to be submitted" in the forum clause is mandatory in nature. *See also Natan's Trading, Ltd v. Energizer Holdings, Inc.*, 2020 U.S. Dist. LEXIS 164925, *7 (D. Utah Sept. 9, 2020) ("The language 'is to be' is most naturally understood as mandatory"). Instead, Air Canada alleges that the later use of "non-exclusive" transforms the forum selection clause from mandatory to permissive.

Air Canada is not the first company to try to undermine its own terms by pitting "non-exclusive" jurisdiction against mandatory forum selection language. However, this argument has been rejected by courts across the country analyzing similar language. *See Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006)("We cannot find that a provision which requires appellants to submit to the 'non-exclusive' jurisdiction of Texas courts somehow undermines a very strongly worded forum selection clause containing mandatory language"); *Sick Kids (Need) Involved People of N.Y., Inc. v. 1561599 Ont., Inc.*, 2015 U.S. Dist. LEXIS 130600, *9 (S.D.N.Y Sept. 25, 2015) (finding that mandatory language "shall be commenced" made a forum clause mandatory under Ontario law despite language "each of the parties hereto irrevocably attorns to the non-exclusive jurisdiction"); *Fenley v. Tulsa Inspection Res., LLC,* 2015 U.S. Dist. LEXIS 57331, *8 (D. Kan. May 1, 2015) ("the nonexclusive jurisdictional provision in the second sentence does not undermine the mandatory forum selection clause in the first sentence"); *In re Fisher,* 433 S.W.3d 523, 533 (Tex. 2014)("we conclude that where the phrase 'non-exclusive jurisdiction' is in a venue selection clause that also includes language reflecting intent that the

2

venue choice is mandatory, the non-exclusive language does not necessarily control over the mandatory language").

The Seventh Circuit recently found a strikingly similar forum clause to be mandatory in *IAC/InteractiveCorp. v. Roston,* 44 F.4th 635 (7th Cir. 2022). There the Seventh Circuit addressed this phrase:

> Any such dispute will be heard and determined before an appropriate federal court located in the State of California in Alameda County, or, if not maintainable therein, then in an appropriate California state court located in Alameda County, and each party hereto submits itself and its property to the non-exclusive jurisdiction of the foregoing courts with respect to such disputes.

*IAC*, 44 F.4th at 639. The Court held that "will be heard" made this a mandatory clause, notwithstanding the later "non-exclusive jurisdiction" language. *Id*. at 643. The Court reasoned that, as a whole, the clause meant that "many courts [] may have proper personal jurisdiction over the parties, but only a few of those [] are the proper venue for disputes." *Id*. at 644 (internal parenthetical omitted). The Court concluded that "[i]f a contract has both mandatory venue and forum language and permissive jurisdiction language, the separate permissive consent to jurisdiction clause does not defeat the mandatory forum selection clause." *Id*.

Air Canada's only attempt to address *IAC* is to say that the mandatory venue clause there was a separate clause from the permissive jurisdictional clause. Here, the "non-exclusive jurisdiction" language is included in the same phrase as the mandatory venue language. That is, Air Canada is arguing that the phrase:

> "Any dispute is to be submitted to the non-exclusive jurisdiction of the courts in the judicial district of Calgary"

is somehow different from:

> "Any dispute is to be submitted to the courts in the judicial district of Calgary, and the parties submit to the non-exclusive jurisdiction of that Court."

3

This semantic argument does nothing to address the underlying reasoning in *IAC* that mandatory venue language and non-exclusive jurisdiction do not conflict.

Other courts have followed the Seventh Circuit's reasoning when analyzing clauses that include both mandatory language and non-exclusive jurisdiction in an uninterrupted clause. *See In re Fisher,* 433 S.W.3d at 533 (finding the phrase "each of the parties irrevocably submits to the non-exclusive jurisdiction" to be mandatory).

      B.      **The Forum Selection Clause Applies to Air Canada**

Air Canada's interpretation that the forum-selection clause only applies to actions filed by website users and not actions filed by Air Canada is incorrect. There is nothing in the forum-selection clause that indicates that it should be so limiting. The clause broadly references "[a]ny dispute" (*see* Dkt. 8-1 at PageID#:80). The clause does not read "any disputes by you," and the Terms do specify certain other one-sided clauses with reference to "you" -- that is, the website user (*see Id.* at PageID#:77, 81: "You represent and warrant to us that you…"; "You may not access…"; "You agree that…"). Indeed, in comparison, the "Injunctive and Similar Relief" section is clearly only applicable to Air Canada. If Air Canada intended to set forth such a one-sided forum-selection clause it had the words to do so.

Further, interpreting the Terms to require Air Canada as well as website users to submit disputes to Alberta does not render the "Injunctive and Similar Relief" section of the Terms superfluous. The "Injunctive and Similar Relief" section, when read in conjunction with the forum-selection clause, asks the user to acknowledge that Air Canada can bring claims for injunctive relief to enforce the Terms in any court within the judicial district of Calgary, Province of Alberta. Notably, there are different courts within Calgary, including the Alberta Court of Justice and the Court of King's Bench of Alberta, both of which hear trials on civil matters (see Ex. A).

4

Moreover, Air Canada's complaint does not only seek "Injunctive and Similar Relief," but rather seeks both injunctive relief *and* money damages (Dkt. 1 at PageID#:26). If Air Canada were to assert that it is only seeking injunctive relief based on its breach of contract theory, then perhaps this section might have more applicability.

Finally, even accepting Air Canada's interpretation that the "Injunctive and Similar Relief" section means that Air Canada may bring contract claims based on the Terms anywhere in the world, then that section would conflict with the clear meaning of the forum selection clause. So, either the "Injunctive and Similar Relief" section only applies to claims for injunctive relief within the judicial district of Calgary or that section introduces ambiguity into the Terms. And since Air Canada is the drafter of the Terms, any ambiguity should be weighed against Air Canada. *See Xin Ma v. Xiangqun Li,* 2022 U.S. Dist. LEXIS 72328, *5 (D.N.J. April 20, 2022) ("Where it is unclear whether a forum-selection clause is mandatory or permissive, contract ambiguities should be construed against the drafter"); *Caribbean Gardens Condo. Ass'n v. Markel Ins. Co.,* 2016 U.S. Dist. LEXIS 201021, *4 (S.D. Fla. May 11, 2016) ("If a clause is ambiguous, such that a court cannot determine whether a clause is permissive or mandatory, the clause should be construed against the drafter.").

      C.      **Traditional *Forum Non Conveniens* Favors Dismissal**

While the presence of a mandatory forum-selection clause makes the argument easier, the *forum non conveniens* analysis would still favor dismissal even without the mandatory clause.

As noted in Localhost's opening brief, under the traditional *forum non conveniens* analysis courts consider (1) the amount of deference to plaintiffs' choice of forum, (2) the availability of an adequate alternative forum, (3) private interest factors affecting convenience of the litigants, and (4) public interest factors affecting the convenience of the forum. *Collins v. Mary Kay, Inc.*,

874 F.3d 176, 186 (3rd Cir. 2017). A mandatory forum selection clause allows a court to bypass consideration of the first factor (plaintiffs' choice of forum) and third factor (private interest). *Id*.

However, consideration of the first (choice deference) and third factors (litigant convenience) here actually bolster the case for dismissal. With respect to the first factor, while a plaintiff's choice of forum is normally entitled to a fair amount of weight, the Third Circuit has instructed that this is not the case where, as here, the Plaintiff is a foreign entity. "Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Windt v. Qwest Communs. Int'l, Inc.,* 529 F.3d 183, 190 (3d Cir. 2008). Indeed, foreign plaintiffs "may bolster the amount of deference due their choice only by making a strong showing of convenience." *Advanced Techs. & Installation Corp. v. Nokia Siemens Networks US, LLC*, 2010 U.S. Dist. LEXIS 91370, *17-18 (D.N.J. Sept. 2, 2010)(citing *Windt*, 529 F.3d at 190); *see also Kisano Trade & Invest Ltd. v. Lemster,* 737 F.3d 869, 873 (3d Cir. 2013)("When a plaintiff is foreign [] the choice of a United States forum deserves less deference. Among other reasons, courts are wary of the potential for foreign plaintiffs to seek jurisdiction in the United States because the laws may be more favorable to their claims" (internal citations omitted)). Here, Air Canada has made no showing of greater convenience, and as discussed below, it would be more convenient to litigate Air Canada's contract claim in Canada.

Regarding the third factor (private interests), courts consider the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Delta Air Lines, Inc. v. Chimet, S.P.A.*, 619 F.3d 288, 296 (3d Cir. 2010). Given

6

the nature of this dispute, there is no relevant premises to view and a majority of the evidence will be electronically stored information ("ESI"), which would be easily accessible in either forum.

However, it appears clear that the cost and convenience of obtaining willing witnesses and the ability to compel unwilling witnesses favors a Canadian forum. Localhost is a small company with only one full time employee and one part-time employee. On the other hand, Air Canada is a company with about 30,500 employees (s*ee* Ex. B). Most of the relevant witnesses in the contract case will be Air Canada employees and presumably Canadian and so it will be far more convenient for these witnesses to participate in a Canadian trial and easier for Localhost to secure their trial testimony by subpoena. Indeed, Air Canada has identified several potential Canadian witnesses in support of its Motion for Preliminary Injunction (*see, e.g.,* Dkt. 21, PageID#:797 – "Derek Whitworth of the City of Toronto in the Province of Ontario").

Moreover, it will be easier to compel the testimony of some relevant third-parties in the Canadian forum. For example, Localhost anticipates investigating Air Canada's relationship with its partner airlines during discovery, and at least five of these airlines, Air Creebec, Calm Air, Canadian North, Central Mountain Air, and PAL Airlines are all Canadian entities (s*ee* Ex. C). Additionally, there could be former employees of Air Canada, likely located in Canada, which may have relevant testimony. These third-parties could not be compelled to testify by this Court, but could be compelled to testify in a Canadian forum. *See Howe v. Goldcorp Invest., Ltd.*, 946 F.2d 944, 951 (1st Cir. 1991)(approving dismissal under *forum non conveniens* where "only Canadian courts, not courts within the United States, have the legal power to compel the testimony of twelve Canadian potential witnesses who are not under the control of any party").

Further, the second factor (adequate alternative forum) and fourth factor (public interest) also favor dismissal. Air Canada does not dispute that Calgary, Alberta would be adequate. And

7

here we have a Canadian entity bringing a breach of contract action based on an alleged contract designating Canadian law and a Canadian forum for the resolution of disputes. Consideration of the public interest favors resolution of such a dispute in Canada. *See Moss v. Tiberon Mineral Ltd.*, 2007 U.S. Dist. LEXIS 83975, *9 (N.D. Cal., Nov. 1, 2007)("Canadian courts have an interest in resolving Canadian-law claims").

Finally, the fact that some of Air Canada's claims would remain in this District should not factor against dismissal. The remainder of Air Canada's causes of action are weak, as evidenced by the fact that Air Canada did not rely on them in its Motion for Preliminary Injunction (*see* Dkt. 15 at PageID#:108). In particular, Localhost's use of the Air Canada trademarks are covered by nominative fair use (*see Century 21 Real Estate corp. v. Lendingtree, Inc.,* 425 F.3d 211, 232 (3d Cir. 2005), and the Computer Fraud and Abuse Act ("CFAA") is not implicated by data gathering activities. *See hiQ Labs, Inc. v. LinkedIn Corp.,* 31 F.4th 1180, 1201 (9th Cir. 2022)("when a computer network generally permits public access to its data, a user's accessing that publicly available data will not constitute access without authorization under the CFAA"). Air Canada should not be permitted to bring its contract claims in this forum, no matter how inconvenient, simply because it appended additional weak claims only cognizable under federal law.

Dated: January 29, 2024                              Respectfully Submitted,


                                                    */s/ Charles J. Brown, III*
                                                    Charles J. Brown, III (DE 3368)
                                                    Gellert Scali Busenkell & Brown, LLC
                                                    201 N. Orange Street, Suite 300
                                                    Wilmington, DE 19801
                                                    Telephone: 302-425-5800
                                                    Email: cbrown@gsbblaw.com

                                                    Steven Susser, Esq.
                                                    (admitted pro hac vice)
                                                    Michael S. Schwartz
                                                    (admitted pro hac vice)
                                                    CARLSON, GASKEY & OLDS, P.C.
                                                    400 West Maple Road, Suite 350
                                                    Birmingham, MI 48009
                                                    P: (248) 988-8360
                                                    F: (248) 988-8363
                                                    Email: ssusser@cgolaw.com
                                                    Email: mschwartz@cgolaw.com

                                                    *Attorneys for Defendant*

9