# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIR CANADA AND AEROPLAN INC., | |
| Plaintiffs, | C.A. No. 23-1177-GBW |
| v. | |
| LOCALHOST LLC, | |
| Defendant. | |

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiffs Air Canada and Aeroplan Inc. and Defendant Localhost LLC believe that certain information that will be produced in this litigation, in response to discovery requests or otherwise, will include proprietary business information, including, but not limited to, sensitive technical and financial data;

WHEREAS, the parties, through counsel, seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c) and agree on the following terms;

WHEREAS, the parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, in light of these acknowledgements, and based on the representations of the parties that discovery in this case will involve proprietary/confidential documents or information, the public disclosure of which will cause harm to the disclosing party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of such

proprietary/confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. As used in this Order, "CONFIDENTIAL" information and materials shall include all information and materials that have not been made public, the disclosure of which the disclosing party contends could cause harm to its business operations or provide improper advantage to others. "Confidential" information and materials shall include, but shall not be limited to, information that concerns or relates to (1) sales, marketing, manufacturing, or research and development; (2) financial performance; (3) strategic planning; (4) costs of doing business; (5) licenses or other confidential agreements; and/or (6) technical details of products or methods of doing business and/or marketing.

2. As used in this Order, "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information and materials shall include trade secrets as defined in the Defend Trade Secrets Act, 18 U.S.C. § 1839(3), and all information and materials that the disclosing party has reasonable grounds to believe would, if known to any officer, director, employee, or agent of a receiving party, or to the public, lead to a significant harm or injury to the reputation and/or business of the disclosing party or provide improper advantage to others.

3. As used in this Order, "HIGHLY CONFIDENTIAL—SOURCE CODE" information and materials shall include material that would qualify as "HIGHLY

CONFIDENTIAL ATTORNEYS' EYES ONLY" material under Paragraph 2 and that is also source code.

4. This Order shall apply to and govern all depositions, documents produced, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and other information that the disclosing party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" furnished, directly or indirectly, by or on behalf of any party in connection with this action.

5. Nothing in this Protective Order requires the production of privileged or work-product information and materials, or any information and materials that are otherwise not subject to discovery. In accordance with Federal Rule of Evidence 502, except when a party intentionally waives attorney-client privilege or work-product protection by disclosing such information and indicating its intention to waive privilege to an adverse party, the disclosure of attorney-client or work-product protected information does not constitute a waiver in this or any other proceeding. If a disclosing party inadvertently discloses to a receiving party information that is privileged, said disclosing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item(s) of information be returned, and no party to this action shall thereafter assert that such disclosure is a waiver of any privilege. It is further agreed that the receiving party, within three (3) business days of receiving a written request for the return and/or destruction of such item(s) of information, will (a) return and/or destroy, at the election of the disclosing party, such inadvertently produced items(s) of information and all copies thereof and (b) confirm such action in writing.

6. A party shall designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" only such matter as that party in good faith believes includes information used by it in, or pertaining to, its business, that is not generally known and that the party would normally not reveal to third parties without reasonable assurance that the third party will maintain its confidentiality. One who provides material may designate it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" only when such person in good faith believes it contains the types of information defined in Paragraphs 1-2.

7. A party shall designate as "HIGHLY CONFIDENTIAL—SOURCE CODE" only such matter that qualifies as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material under Paragraph 2 and that is also source code.

8. Information designated as "HIGHLY CONFIDENTIAL—SOURCE CODE" may be disclosed only to the following persons:

a) outside counsel working on this action on behalf of any party (including the law firms Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, McCarter & English, LLP, Evia Law, and Gellert, Seitz, Busenkell & Brown, LLC), including paralegals, secretaries, assistants, and stenographic and clerical employees working under the supervision of such counsel;

b) actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents or affiliates of parties);

c) the United States District Court for the District of Delaware (the "Court");

d) litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel reasonably necessary for the administration of this case;

e) jury and trial consultants and their staff and mock jurors;

  f)  deposition or trial witnesses (including use of such information in connection with the preparation of said witnesses, provided such use otherwise complies with this Protective Order) to the extent necessary in connection with this matter, provided that if a party intends to disclose "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information to a deposition or trial witness pursuant to this paragraph 8(f), such party shall provide reasonable notice to the party that designated such information as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" and an opportunity to object to such disclosure (except that if the party disclosing "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information is only showing it to the party that designated it as such, then no reasonable notice under this Paragraph is necessary), and if the parties are unable to agree with respect to such disclosure, the matter shall be submitted to the Court for resolution prior to the disclosure of such information; and

  g)  any person whom the parties agree, in advance and in writing, may receive such material.

  9.  Information designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

  a)  the persons identified in Paragraph 8; and

  b)  no more than (2) specifically designated in-house counsel per party responsible for managing this action.

  10.  Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

  a)  the persons identified in Paragraphs 8 and 9;

5

b) employees of each party or affiliates with responsibility for the management of each party, but in either case only to the extent reasonably necessary for the administration of this case; and

c) any person who was an author, addressee, or authorized recipient of the "CONFIDENTIAL" information, provided that such persons may see and use the "CONFIDENTIAL" information but not retain a copy, other than any copies already in such persons' possession independent of this case.

11. The persons described in Paragraphs 8(b), 8(d), 8(e), and 8(f) shall be permitted to access to "HIGHLY CONFIDENTIAL—SOURCE CODE," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," and "CONFIDENTIAL" information; the persons described in Paragraph 9(b) shall be permitted to access "HIGHLY CONFIDENTIIAL ATTORNEYS' EYES ONLY" and "CONFIDENTIAL" information; and the persons described in Paragraph 10(b) and 10(c) shall be permitted to access "CONFIDENTIAL" information, only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGEMENT," which shall be maintained and kept by counsel. The persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information are enjoined from disclosing it to any other person, except in conformance with this Order, and from using it for any purpose other than as reasonably necessary in connection with this case.

12. Each individual who receives any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information under this Order hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

13. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information that is provided under this Order shall maintain such information in accordance with the terms of this Order.

14. Parties shall designate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information and materials as follows:

a) In the case of documents, interrogatory answers, responses to requests for admission, and the information contained therein, designation shall be made by placing the following legend on any such document prior to production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." If a disclosing party discovers a failure to mark qualified information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," the receiving party shall be notified immediately, and the following corrective action shall be taken:

(i) The receiving party shall notify all persons who have received the information or document that it has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" and must be treated as such under this Order;

(ii) The receiving party shall take all reasonable steps to place the applicable "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" label on the designated information and/or documents.

b) Information disclosed at a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" in either of the following ways: (1) by indicating on the record during the deposition that the testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" and subject to the provisions of this

Order, in which case the court reporter shall be directed to either (a) produce a separate, confidential transcript, or (b) indicate on the caption page of the transcript that some or all of its contents are governed by this Order and mark such pages containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"; or (2) within thirty (30) days following receipt of the transcript by counsel for the designating party, by notifying all parties in writing of the specific pages of the transcript that are to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."

      c)    Transcripts of discovery depositions designated under this Order will not be filed with the Court unless it is necessary to do so for purposes of motions, trial, or other matters. If a discovery deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information is filed, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

      15.    A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the disclosing party ten days' prior written notice of such disagreement. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court in accordance with this Court's procedures for discovery and protective order disputes following the specified ten-day period. The burden of proving that information has been properly designated as

8

ME1 49159981v.1

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" is on the party asserting such designation.

16. Only those discovery materials (or any such portion thereof) that may be necessary to any motion shall be filed with the Court. Parties who seek to use any materials, papers, or portion thereof that disclose information designated by any Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" under this Order shall follow the Court's rules and procedures for filing documents under seal, including as set forth in Local Rule 5.1.3, this District's CM/ECF procedures, and any other applicable rules or procedures. If the filing contains information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by the nonfiling party, the filing is wholly without prejudice to the filing party's rights to object to the designation under Paragraph 15 of this Order. In the absence of a Court order resolving an objection to a designation or directing otherwise, all designated material must be treated in accordance with its designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," and filed under seal if such information is filed with the Court.

17. In the event that any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" information is used during this litigation, it shall not lose its "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use, such as, for example, when a party seeks to present "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" during a hearing or at trial, excluding from the courtroom either members of the public (in the case of "CONFIDENTIAL" material) or all persons not

authorized under Paragraphs 8 or 9 of this Order (in the case of "HIGHLY CONFIDENTIAL—SOURCE CODE" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material, respectively).

18. This Order shall survive the final termination of this or related proceedings to the extent that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information and materials have not or do not become known to the public.

19. Nothing in this Order shall preclude any party to the civil action, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this proceeding and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."

20. Nothing in this Order shall preclude any party to the proceeding or their attorneys from: (a) showing a document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." Nothing in this Order will bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of the proceeding, referring to or relying upon his or her examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information and materials; provided, that in rendering such advice and in otherwise communicating with clients, the attorney will not disclose the substance of any

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information and/or materials to any person not authorized to receive such disclosure under this Order.

21. Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a party as if that waiver or consent was made by that party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

22. A person or an entity that is not a party to this litigation, but that is producing or otherwise disclosing documents or information in connection with this litigation, may take advantage of the protection of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information and materials provided by this Order, and such person or entity shall be entitled to all rights and protections afforded the disclosing party under this Order.

23. Within sixty (60) days of the final termination of this litigation between the parties, whether by judgment and exhaustion of all appeals, by dismissal (with or without prejudice), or by settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, (i) any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" that resides in tangible form (*e.g.,* paper documents), including all copies, extracts, and summaries thereof, shall be returned to the disclosing party or destroyed, such election to be made by the receiving party, and (ii) any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" that resides in electronic form shall be deleted from active memory and any other immediately available electronic storage media. Notwithstanding the foregoing, outside counsel may maintain copies of all correspondence, work product, pleadings, written discovery, deposition and trial transcripts, deposition and trial exhibits, expert reports, and papers filed with the Court containing designated

information in accordance with the terms of this Order. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. Within the sixty (60) day period established in this paragraph (Paragraph 23), the party destroying, returning, or deleting information in accordance with this paragraph shall confirm its compliance with this paragraph in writing to the other parties.

24. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

25. This Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown, from any of the provisions contained in it.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Gregory B. Williams
United States District Judge

**AGREED AND STIPULATED TO:**

Dated: July 22, 2024

| | |
|---|---|
| MCCARTER & ENGLISH, LLP | GELLERT SCALI BUSENKELL & BROWN, LLC |
| /s/ Alexandra M. Joyce | /s/ Charles J. Brown |
| Daniel M. Silver (#4758) | Charles J. Brown, III (DE 3368) |
| Alexandra M. Joyce (#6423) | 1201 N. Orange Street, Suite 300 |
| 405 N. King St., 8th Floor | Wilmington, DE 19801 |
| Wilmington, DE 19801 | Telephone: 302-425-5800 |
| (302) 984-6300 | cbrown@gsbblaw.com |
| dsilver@mccarter.com | |
| ajoyce@mccarter.com | |

*Of counsel:*

Douglas A. Rettew
Jonathan J. Fagan
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413
(202) 408-4000 (phone)
(202) 408-4400 (fax)
Doug.Rettew@finnegan.com
Jonathan.Fagan@finnegan.com

*Attorneys for Plaintiffs*
*Air Canada and Aeroplan Inc.*

ME1 49159981v.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIR CANADA AND AEROPLAN INC., <br><br> Plaintiffs, <br><br> v. <br><br> LOCALHOST LLC, <br><br> Defendant. | C.A. No. 23-1177-GBW |

## ACKNOWLEDGEMENT CONCERNING MATERIAL
## COVERED BY PROTECTIVE ORDER

The undersigned hereby acknowledges that on _____, 20__, I read the Protective Order entered in this action by the United States District Court for the District of Delaware, that I understand the terms thereof, and that I agree to be bound by such terms.

Date:_____        _____
                                                              Signature