## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIR CANADA AND AEROPLAN INC., <br><br> Plaintiffs, <br><br> v. <br><br> LOCALHOST LLC, <br><br> Defendant. | C.A. No. 23-1177-GBW |

## PLAINTIFFS' SUPPLEMENTAL
## RULE (30)(b)(6) DEPOSITION NOTICE OF DEFENDANT

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Air Canada and Aeroplan Inc. (collectively, the "Air Canada Group"), by and through their attorneys, will take the deposition by oral examination of Defendant Localhost LLC. The deposition will be recorded by audio, video, and stenographic means; will be conducted remotely via video conference or in-person before a Notary Public or other officer authorized to administer oaths; and will continue from day to day (Saturdays, Sundays, and holidays excepted) until completed, unless otherwise agreed to by the parties.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf" regarding "information known or reasonably available to" Defendant as to each of the topics set forth in Schedule A, as supplemented to add topic no. 25.

You are invited to attend and to cross-examine the witness(es).

| | |
|---|---|
| Dated: July 1, 2025 | MCCARTER & ENGLISH, LLP |
| *Of Counsel:* | */s/ Alexandra M. Joyce* |
| | Daniel M. Silver (#4758) |
| Douglas A. Rettew | Alexandra M. Joyce (#6423) |
| Jonathan J. Fagan | 405 N. King St., 8th Floor |
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | Wilmington, DE 19801 |
| | (302) 984-6300 |
| 901 New York Avenue NW | dsilver@mccarter.com |
| Washington, DC 20001-4413 | ajoyce@mccarter.com |
| (202) 408-4000 (phone) | |
| (202) 408-4400 (fax) | *Attorneys for Plaintiffs* |
| Doug.Rettew@finnegan.com | *Air Canada and Aeroplan Inc.* |
| Jonathan.Fagan@finnegan.com | |

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The Definitions and Instructions set forth in Plaintiffs' First and Second Set of Interrogatories to Defendant are incorporated by reference, as if fully set forth herein.

## DEPOSITION TOPICS

1. The circumstances surrounding Localhost's founding, including the reason for the company's creation and the company's purpose.

2. The decision to scrape the Air Canada Group's data and all steps taken in doing so, including how Localhost identified, dealt with, and/or overcame any technical challenges or impediments.

3. Localhost's financial information, including Localhost's assets, liabilities, records, general accounting practices, revenue, and profits.

4. Localhost's corporate structure.

5. Localhost's websites, including Seats.aero.

6. Localhost's apps, including the Seats.aero app.

7. Localhost's terms of use, including all breaches of those terms and objections pertaining to any such breaches.

8. The responsibilities of the individuals identified in response to the Air Canada Group's Interrogatory No. 7.

9. All actions taken by Localhost (directly or indirectly) to obtain, access, and/or retrieve the Air Canada Group's data.

10. Localhost's creation, use, and development of software or any other mechanism to obtain, access, and/or retrieve the Air Canada Group's data.

3

11. Localhost's efforts to overcome, avoid, or circumvent any block, fix, or other technological impediment to its efforts to obtain, access, and/or retrieve the Air Canada Group's data.

12. All requests, queries, processes, and other means (collectively "Requests") that Localhost has used to obtain, access, and/or retrieve the Air Canada Group's data, including the content of the Requests; the address to which Localhost ever directed the Requests; the conditions that caused Localhost to send the Requests; and the rate, size, and duration of the Requests.

13. Localhost's relationships with the Persons identified in response to the Air Canada Group's Interrogatory No. 12, including the services or advice provided by such persons.

14. Localhost's communications and interactions with third parties (including online posts and messages) regarding the above-captioned case.

15. Localhost's communications and interactions with third parties (including online posts) regarding actions taken by Localhost (directly or indirectly) to obtain, access, and/or retrieve the Air Canada Group's data.

16. Localhost's relationships and communications with any Persons employed by or otherwise affiliated with the cowtool.com platform, including its creator and—to the extent different from its creator—the person using the pseudonym "CanadianCow" on FlyerTalk and Discord.

17. Localhost's efforts to obtain, access, or retrieve data from Persons (including airlines and hotels) other than the Air Canada Group and efforts Persons other than the Air Canada Group (e.g., airlines, hotels, etc.) have made to block, prevent, or otherwise stop Localhost from retrieving data.

18. The factual basis for Localhost's claim that it "takes steps to ensure its data gathering presents a minimal burden to airline servers." D.I. 27 at 5.

19. Localhost's understanding of Air Canada Group's terms of use.

20. The factual basis for Localhost's response to the Air Canada Group's Interrogatory No. 18.

21. Localhost's produced documents.

22. Localhost's produced source code.

23. All communications with third parties regarding the Air Canada Group, including any instances of confusion or inquiries regarding the relationship between the parties.

24. The factual bases for Localhost's responses to the Air Canada Group's Interrogatory Nos. 15-17.

25. The factual bases for Localhost's responses to the Air Canada Group's Interrogatory Nos. 19-22.