

**Alexandra M. Joyce**
Partner

T. 302-984-6392
F. 302-450-4235

ajoyce@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

May 21, 2026

**VIA CM/ECF**

The Honorable Gregory B. Williams
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

**Re: *Air Canada and Aeroplan Inc. v. Localhost LLC*, C.A. No. 23-1177-GBW**

Dear Judge Williams:

Air Canada and Aeroplan, Inc. ("Air Canada") respectfully submit this opposition to Localhost's motion to amend its answer to assert new antitrust, tortious interference, and unfair competition counterclaims (D.I. 89).

Localhost's proposed counterclaims would upend this case and fundamentally alter its nature. These counterclaims require extensive discovery on entirely new issues and claims at the eleventh hour and, if allowed, would unduly and substantially prejudice Air Canada.[1]

## 1.    Background

In July 2025, the finish line was in sight. Document production and Rule 30(b)(6) depositions were complete, and fact discovery had closed. Aside from minor agreed-to supplementation of fact discovery and a few fact witness depositions, the parties were ready to begin expert discovery.

The parties' progress toward advancing the case to trial was stalled when Localhost expressed an interest in engaging in settlement discussions. Air Canada entered these negotiations in good faith, and the parties requested a stay, which

---

[1] Because Air Canada cannot fairly address the futility of Localhost's 44-pages of amendments in these 5 pages, Air Canada intends to move under Rule 12(b)(6) to dismiss the proposed counterclaims if the amendment is permitted.

the Court granted, and extended, while the settlement discussions were ongoing. D.I. 67, 70, 72.

On February 17, 2026, the parties reached an impasse regarding settlement terms, and began drafting an amended schedule for resuming the case. Shortly thereafter, Localhost informed Air Canada of its substitution of counsel, and Air Canada agreed to a further extension of the stay to provide time "for Defendant's new counsel to familiarize themselves with the case" and to resume settlement negotiations with new counsel. D.I. 78.

On April 13, 2026, pursuant to the Court's order, the parties submitted an amended scheduling order, in which Localhost requested 3.5 months of fact discovery "to allow completion of *circumscribed and proportional fact discovery to the claims that Air Canada has asserted in this case*," which the Court granted. D.I. 83, at 3-4 (emphasis added); D.I. 84.

Now, *2 ½ years* after this case was filed, with around *2 ½ months* left for fact discovery, Localhost has filed a motion to amend its answer, with amendments spanning 44 pages, and adding, *inter alia*, antitrust, tortious interference, and unfair competition counterclaims.

## 2.    Legal Standard

Leave to amend should be freely granted "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). But leave should be denied if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, "additional discovery, cost, and preparation to defend against new facts or new theories" is the sort of "substantial or undue prejudice" that provides "ground for denial of leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

## 3.    Argument

### a.    Localhost's amendment would unduly prejudice Air Canada.

Localhost's proposed amendment would severely prejudice Air Canada. This Court has denied motions for leave to amend that were similar in nature and timing to Localhost's motion.

First, the *nature* of Localhost's antitrust counterclaims guarantees that Air Canada would suffer "substantial or undue prejudice," which "is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273. Prejudice exists where the amendment would cause "additional discovery, cost, and preparation to defend against new facts or new theories." *Id.*

In *Magsil Corp. v. Seagate Technology,* this Court denied a motion to amend based on a finding of "substantial and undue prejudice." 2010 WL 2710472, at *2 (D. Del. July 7, 2010). The Court denied the motion because otherwise, "plaintiffs would likely be required to conduct additional discovery, undertake additional investigation and research, obtain an additional expert, and develop new legal strategies[.]" *Id.*; *see also Red Clay Consolidated School District v. T.S.*, 2011 WL 4498964, at *4 (D. Del. Sept. 27, 2011) (denying a motion to amend based on prejudice where the counterclaim would have required plaintiff "to conduct additional discovery beyond what has already been produced" and "to obtain additional expert analysis and develop new legal strategies relating to Defendants' new claim").

Localhost's amendment would prejudice Air Canada in the same ways. To combat Localhost's antitrust counterclaims, Air Canada must engage in extensive discovery. Just as the Court found prejudicial in *Magsil* and *Red Clay*, Air Canada here would need to hire an additional expert, conduct additional discovery, and develop new legal strategies. Indeed, this Court has consistently recognized the "enormously" expensive and burdensome nature of discovery in antitrust litigation. *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 2010 WL 925864, at *2 (D. Del. Mar. 11, 2010) (quoting *Akzona, Inc. v. E.I. Du Pont de Nemours & Co.*, 607 F.Supp. 227, 236 (D. Del. 1984)).

Second, the *timing* of Localhost's antitrust counterclaims guarantees that Air Canada would suffer undue prejudice.

Localhost represented to this Court that it was requesting additional time in the amended case schedule "to allow completion of *circumscribed and proportional fact discovery to the claims that Air Canada has asserted in this case*." *See* D.I. 83, at 3-4 (emphasis added). That representation directly contradicts Localhost's current assertion that the case schedule can "easily accommodate" its proposed counterclaims and related discovery. In truth, the proposed counterclaims would cause the scope of the case to balloon far beyond what this short, supplemental fact discovery period was contemplated to accommodate. Indeed, the additional

discovery necessary for Localhost's proposed counterclaims would require Air Canada to serve and respond to additional requests for production and interrogatories. But, based on the scope of the case for the past 2 ½ years, Air Canada already served nearly 75% of the maximum number of interrogatories permitted in this case (22 out of 30), leaving few and insufficient discovery requests remaining for seeking discovery on the proposed counterclaims. There is simply no realistic opportunity for Air Canada to obtain the discovery necessary to defend against Localhost's proposed counterclaims within the time remaining for fact discovery. *See* D.I. 84 at 2, 12 (noting the substantial completion of document production passed on December 17, 2024, and that "there shall be no further extensions granted" for deadlines corresponding to fact discovery cutoff, expert disclosures, expert discovery cutoff, and dispositive motions). Moreover, the discovery limits were set by the Court based on the scope of the case as originally pleaded, and there is no indication those limits would be sufficient— much less fair—in a case expanded to include entirely new counterclaims.

Further, Air Canada would need to redo the already-completed depositions of individual and 30(b)(6) witnesses and to re-do or replicate its ESI discovery efforts to accommodate the new counterclaims, which would be enormously prejudicial. That is quintessential undue prejudice, particularly in the context of broad antitrust claims that Localhost could have asserted at the outset of the case. For at least these reasons, Localhost's motion should be denied.

   b.    **The Court should reject Localhost's undue delay and dilatory tactics in seeking amendment.**

An amendment is not timely simply because it was filed within the scheduling order's motion to amend deadline. *Savignac v. Jones Day*, 341 F.R.D. 120, 124 (D.D.C. 2022); *see also* Fed. R. Civ. P. 15(a)(2). Rather, leave to amend may be denied even when filed before such a deadline if "undue delay" or "bad faith" is present. *ING Bank, FSB v. Am. Reporting Co., LLC*, 859 F. Supp. 2d 700, 703 (D. Del. 2012); *see also Foman*, 371 U.S. at 182. "Delay may become undue when a movant has *had previous opportunities to amend a complaint*" and "the question of undue delay requires that we *focus on the movant's reasons for not amending sooner*." *Cureton*, 252 F.3d at 273 (emphasis added); *see also J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3d Cir. 1987); *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 817 F. Supp. 2d 418, 422-23 (D. Del. 2011); *Foman*, 371 U.S. at 182 (coupling "bad faith" together with "dilatory motive"). There is simply no

legal basis for Localhost's alleged requirement of a "sinister motive" or "nefarious purpose."

Here, Localhost unduly delayed asserting its proposed counterclaims because they unquestionably could have been asserted sooner, including within 21 days of serving its answer on December 4, 2023, under Rule 15(a)(1), or before the Court's December 13, 2024, deadline for amending pleadings under the Court's initial Scheduling Order (D.I. 49). Yet Localhost's motion inexplicably comes more than one year after even the December 13, 2024, deadline (D.I. 49), and on the very last day for amending pleadings under the Court's amended scheduling order (D.I. 84). [2] Localhost does not identify *any new fact supporting* its counterclaim that would justify its delay, nor can it given Localhost's years-old awareness of the factual assertions underlying its proposed counterclaims. Localhost's delay is thus undue.

For at least these reasons, the Court should deny Localhost's motion. But if the counterclaims are allowed, they should be bifurcated and related discovery stayed pending resolution of the claims currently at issue in the case to minimize the undue prejudice to Air Canada resulting from the counterclaims added this late. Indeed, the Court has broad discretion to bifurcate Localhost's proposed counterclaims from the current case "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). To the extent there is any overlap in the discovery obtained for the case as it currently stands, the parties can later use the same discovery taken earlier when litigating bifurcated counterclaims.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Alexandra M. Joyce*

Alexandra M. Joyce (#6423)

cc:    Counsel of Record (via CM/ECF and E-Mail)

---

[2] The only amendment contemplated at the time the parties submitted D.I. 83 was an amendment to add Travel Data Corporation ("TDC") as a party to the case.