**GELLERT**
**SEITZ**
**BUSENKELL**
**◆ BROWN, LLC**

**VIA ECF**                                                                May 26, 2026

The Honorable Gregory B. Williams, U.S.D.J.
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Unit 26, Room 6124, Wilmington, DE 19801-3555

**Re:**   *Air Canada and Aeroplan Inc. v. Localhost LLC,*
          **Civil Action No.: 1:23-cv-01177-GBW**

Dear Judge Williams:

Defendant Localhost LLC writes in reply to Air Canada's ("AC") motion to amend opposition. For the reasons below and in D.I. 89, Localhost respectfully requests that the Court grant its motion.

## I.    NO UNDUE PREJUDICE

AC argues Localhost's amendment would cause undue prejudice because the nature of antitrust counterclaims may entail additional discovery, experts, or legal theories.[1] AC's argument fails. Under Rule 15(a)(2), the nonmoving party must demonstrate that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990); *see also Meds. Co. v. Teva Parenteral Meds., Inc.*, 2011 WL 13135647, at *26 (D. Del. Aug. 26, 2011) (finding that "additional work" in and of itself did not support undue prejudice). AC does not identify any unfair disadvantage or inability to present its case; indeed, it cannot because of significant overlapping discovery between AC's claims and Localhost's counterclaims, closely intertwined facts, and the case being in fact discovery. Further, the cases AC relies upon involved inapplicable circumstances, including amendments sought after summary judgment, less than a year before trial, or within two months of expert reports. *Cureton* at 269; *Magsil* at *1; *Red Clay*, D.I. 25 ¶ 1.

---

[1] Supporting amendment, AC fails to meaningfully address the tortious interference or unfair competition claims and does not argue futility.

1201 NORTH ORANGE STREET
SUITE 300
WILMINGTON, DE 19801
P: 302.425.5800 | F: 302.425.5814

**WWW.GSBBLAW.COM**

901 NORTH MARKET STREET
SUITE 3020, 3RD FLOOR
PHILADELPHIA, PA 19107
P: 215.238.0010 F: 302.425.5814

May 26, 2026
Page 2

AC also argues late timing as a basis for undue prejudice, relying on the incorrect premise that discovery is effectively complete and that the "finish line was in sight." It is not. Discovery is ongoing and ample time remains for any necessary accommodations without delay of trial approximately 2.5 years away. Further, any alleged prejudice is outweighed by the injustice to Localhost if it cannot assert counterclaims related to AC's affirmative claims.

## II.    NO UNDUE DELAY OR DILATORY TACTICS

AC argues undue delay because the claims are purportedly late in time and could have been asserted earlier. AC is incorrect. Localhost diligently moved to amend shortly after new counsel was retained, the stay was lifted, and *within the amendment deadline*. And, tellingly, AC negotiated and accepted the present motion to amend deadline without limiting its scope.

Further, AC ignores the evolving nature of its actions, which materially informed the counterclaims and explains Localhost's timing. Indeed, AC escalated the restrictions forming the bases of Localhost's counterclaims when a login was implemented in Spring 2025. This escalation occurred well after the 2023 complaint and shortly before settlement discussions and the case being stayed.

## III.    FAIRNESS AND JUDICIAL ECONOMY FAVOR AMENDMENT

Fairness and judicial economy militate for resolving all related disputes in one action.[2] To the extent the counterclaims are viewed as compulsory, then they must be brought in this case. To the extent they are viewed as permissive, amendment avoids duplicative litigation and inconsistent results.

Respectfully submitted,
*/s/ Charles J. Brown, III*
Charles J. Brown, III (DE 3368)
cc: all counsel of record (via Email)    **GELLERT SEITZ BUSENKELL & BROWN, LLC**

---

[2] AC alternatively seeks bifurcation, which should be denied as it would be judicially inefficient to have different litigation tracks for claims with significant factual overlap.

May 26, 2026
Page 3

**STEPTOE LLP**
Vishal Gupta, Esq.
(admitted *pro hac vice*)
Ross Weingarten, Esq.
(admitted *pro hac vice*)
Lillian Wallace
(admitted *pro hac vice*)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 506-3900
vgupta@steptoe.com
rossweingarten@steptoe.com
lwallace@steptoe.com

*Attorneys for Defendant Localhost LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIR CANADA AND AEROPLAN INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LOCALHOST LLC,<br><br>Defendant. | Civil Action No: 23-cv-1177-GBW |

## CERTIFICATION OF COMPLIANCE

The undersigned counsel hereby certifies that pursuant to the Court's Scheduling Order (D.I. 84), Defendant's Reply Letter was prepared in 14-point, Times New Roman font, and complies with the 2-page limit set forth for briefing on motions to amend.

Dated: May 26, 2026

GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Charles J. Brown, III*
Charles J. Brown, III (DE 3368)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: 302-425-5800
Email: cbrown@gsbblaw.com

and

STEPTOE LLP

Vishal Gupta, Esq.
(admitted *pro hac vice*)
Ross Weingarten, Esq.
(admitted *pro hac vice*)
Lillian Wallace, Esq.
(admitted *pro hac vice*)
1114 Avenue of the Americas
New York, NY 10036
Tel: 212 506 3900
Email: vgupta@steptoe.com
rossweingarten@steptoe.com
lwallace@steptoe.com

*Attorneys for Defendant Localhost LLC*

2

## CERTIFICATE OF SERVICE

I, Charles J. Brown, III, hereby certify that on May 26, 2026, I caused a copy of the forgoing

*Reply Letter in Support of Localhost LLC's Motion to Amend Answer* to be filed with the clerk of

Court via the CM/ECF system and served to counsel of record via electronic mail.

Dated:  May 26, 2026

/s/ Charles J. Brown, III
Charles J. Brown, III (DE 3368)